IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANTHONY L. DAVIS,**

                **Plaintiff,**

    v.                                          **CASE NO. 09-3091-SAC**

**KANSAS STATE BOARD OF
INDIGENT DEFENSE SERVICES, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a pro se civil complaint submitted under 28 U.S.C. § 1983[1] by a prisoner incarcerated in a Kansas correctional facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act enacted in 1996 substantially

---

[1]Plaintiff also cites 28 U.S.C. § 1491, which establishes jurisdiction in the United States Court of Federal Claims for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "[A] plaintiff seeking recovery against the Government in the Court of Federal Claims must point to a money-mandating constitutional provision, statute, regulation, or contract with the United States affording it a right to money damages." Terran v. Sec'y of HHS, 195 F.3d 1302, 1309 (Fed.Cir. 1999). The only defendant against whom suit may properly be brought in the Court of Federal Claims is the United States government. See United States v. Sherwood, 312 U.S. 584, 588-89 (1941).

altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, 28 U.S.C. § 1915 as amended by that Act now provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g) (as amended April 26, 1996).

Court records in the District of Kansas reflect that plaintiff has filed numerous civil cases in the federal courts, and that at least three (3) of those cases or appeals therefrom were dismissed as frivolous or as stating no claim for relief.[2]

In the present case, plaintiff expands upon similar claims of fraud and misconduct he has asserted in prior complaints, and names 45 defendants including the United States District Court for the District of Kansas and two District of Kansas judges (including the undersigned judge).[3] The court finds nothing in these allegations

---

[2] *See* <u>Davis v. Bacon</u>, 234 Fed.Appx. 872, 2007 WL 1454437, **2 (10th Cir. 2007)(dismissing plaintiff's appeal as frivolous, and finding plaintiff's litigation history now has three "strikes" under 28 U.S.C. § 1915(g)).

[3] Plaintiff also names as defendants the Tenth Circuit Court of Appeals and four circuit court judges, the Kansas Supreme Court and its former Chief Justice, the Sedgwick County District Court and its chief judge, the Kansas Office of the Disciplinary Administrator and five present and former attorney staff members, the Larned State

to indicate or even suggest that plaintiff is under any "imminent danger of serious physical injury," a showing required to avoid the statutory requirement for full prepayment of the $350.00 district court filing fee in this action.

Accordingly, plaintiff's motion for leave to proceed in forma pauperis is denied. Plaintiff may proceed on his complaint seeking relief under 42 U.S.C. § 1983 only if he pays the $350.00 filing fee in this civil action.[4] The failure to pay this district court filing fee in a timely manner may result in dismissal of the complaint without prejudice and without further prior notice to plaintiff.

The court also denies plaintiff's motion for mandamus and the recusal of the undersigned judge.

Plaintiff broadly claims the undersigned judge and other named defendants wrongfully interfered with plaintiff's purported right of contract under 28 U.S.C. § 1915 for service of summons and investigation of the allegations in plaintiff's prior federal cases and appeals, and claims the courts have embezzled district and appellate filing fees from him. These claims are patently frivolous, and would cause no rational person to question the

---

Hospital and five doctors, a Kansas newspaper and seven staff members, numerous state defense counsel, and the Kansas Board of Indigent Services.

[4]The three strike provision in 28 U.S.C. § 1915(g) also applies to a prisoner's motion for leave to proceed in forma pauperis in the Federal Court of Claims. See e.g. Fullard v. U.S., 78 Fed.Cl. 294 (2007)(applying § 1915(g) to deny plaintiff leave to proceed in forma pauperis).

impartiality of the undersigned judge, 28 U.S.C. § 144, or provide any legitimate basis for disqualification of the undersigned judge under 28 U.S.C. § 455.  *See*  Green v. Branson, 108 F.3d 1296 (10th Cir. 1997).   It is well recognized that "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" or "prior rulings in the proceeding, or another proceeding, solely because they were adverse" - as plaintiff asserts in the instant complaint - do not require recusal, and that recusal "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993)(citations omitted).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) and motion for mandamus and recusal (Doc. 4) are denied.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee to avoid dismissal of the complaint without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for service of summons (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 21st day of May 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge